[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 1215.]

RETTERER, APPELLANT, *v.* WHIRLPOOL CORPORATION ET AL., APPELLEES.

[Cite as *Retterer v. Whirlpool Corp.*, 2000-Ohio-129.]

*Appeal dismissed as improvidently allowed.*

(No. 99-818—Submitted February 23, 2000— ecided June 21, 2000.)

APPEAL from the Court of Appeals for Marion County, No. 9-98-55.

———————————

*Elliot T. Fishman Co., L.P.A., Elliot T. Fishman* and *W. Bryon Speakman*, for appellant.

*David J. Parsons* and *Shanthi V. Gaur, pro hac vice; Frericks & Howard* and *Thomas A. Frericks*, for appellees.

*Louis A. Jacobs; Spater, Gittes, Schulte & Kolman* and *Frederick M. Gittes*, urging reversal for *amici curiae*, Ohio Employment Lawyers Association et al.

———————————

{¶ 1} The cause is dismissed, *sua sponte*, as having been improvidently allowed.

{¶ 2} The court orders that the court of appeals' opinion not be published in the Ohio Official Reports and that it may not be cited as authority except by the parties *inter se*.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK and PFEIFER, JJ., concur separately.

DOUGLAS, J., dissents.

———————————

**PFEIFER, J., concurring.**

{¶ 3} Appellant, Douglas Retterer, allegedly encountered unwelcome sexual remarks and touching from supervisors and coworkers while he was an employee of Whirlpool Corporation at its Marion plant. Retterer also allegedly was

the subject of continuous ridicule because of his sexual orientation. Retterer filed a complaint against Whirlpool and his coworkers on April 20, 1994, alleging, among other things, sexual harassment. The trial court granted a motion for summary judgment in favor of the defendants on November 7, 1995. On appeal, the Third District Court of Appeals reinstated most of Retterer's causes of action but upheld the dismissal of the sexual-harassment claim. The court found that Retterer's claims sounded in sexual-orientation discrimination, which was not actionable in Ohio. *Retterer v. Whirlpool Corp.* (1996), 111 Ohio App.3d 847, 860, 677 N.E.2d 417.

{¶ 4} Importantly, Retterer failed to appeal that decision. The court of appeals' judgment thus became the law of the case, foreclosing Retterer from reasserting his claim of sexual harassment. Upon remand of the case, Retterer attempted to reinstate his sexual-harassment claim based upon the United States Supreme Court's ruling in *Oncale v. Sundowner Offshore Services, Inc.* (1998), 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201, in which the court held that same-sex sexual-harassment claims are actionable under Title VII. Retterer's motion to amend his complaint was properly denied.

{¶ 5} I write to make clear that this case was improvidently allowed based primarily on procedure. Retterer had an opportunity to appeal the decision of the appellate court, but did not. He is therefore forced to live with that decision.

{¶ 6} Retterer's sexual-harassment claim should have survived summary judgment. On this day, this court held that "R.C. 4112.02(A) protects men as well as women from all forms of sex discrimination in the workplace, including discrimination consisting of same-sex sexual harassment." *Hampel v. Food Ingredients Specialties, Inc.* (2000), 89 Ohio St.3d 169, 729 N.E.2d 726, paragraph three of the syllabus. This case might have presented the opportunity for us to consider whether discrimination based upon sexual orientation is also actionable under R.C. 4112.02(A). The abusive behavior that might give rise to such a cause

of action continues to exist even in this supposedly enlightened day, and certainly it is only a matter of time before the question of sexual-orientation discrimination (and whether it is merely the opposite side of the same sexual-harassment coin) is properly before this court.

RESNICK, J., concurs in the foregoing concurring opinion.

—————————————