WALKOSKY et al., Appellants,

v.

VALLEY MEMORIALS et al., Appellees.

[Cite as *Walkosky v. Valley Memorials* (2001), 146 Ohio App.3d 149.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 00–JE–39.

Decided Sept. 27, 2001.

*William E. Reed II*, for appellants.

*Michael J. Calabria*, for appellees.

GENE DONOFRIO, Judge.

Plaintiffs-appellants, Michael J. Walkosky and Anna E. Walkosky, appeal a decision of the Jefferson County Common Pleas Court granting partial summary judgment to defendants-appellees, Valley Memorials and Patrick Marshall.

Appellants' son died in 1991. In conjunction with the Daily Monument Company, they designed a distinctive memorial headstone to mark his gravesite. Subsequently, a photograph of the headstone appeared in a sales brochure distributed by defendant-appellee, Valley Memorials.

On May 11, 1999, appellants filed a complaint for injunctive relief and money damages, naming as party defendants Valley Memorials and its owner, Patrick Marshall. The complaint set forth three causes of action: invasion of privacy, negligent infliction of emotional distress, and intentional infliction of emotional distress. Appellees answered setting forth various denials and affirmative defenses.

The case proceeded through discovery, which included depositions. On September 15, 2000, appellees filed a motion for summary judgment. Appellants filed a memorandum in opposition on September 29, 2000.

The trial court heard oral arguments on the motion on October 2, 2000, and on October 5, 2000, filed a journal entry sustaining, in part, appellees' motion. The court granted appellees summary judgment on appellants' claims of negligent infliction of emotional distress and intentional infliction of emotional distress but left standing appellants' claim for invasion of privacy. In accordance with Civ.R. 54(B), the court entered a finding of no just reason for delay, and designated the entry as a final appealable order.[1] This appeal followed.

---

1. Although *Chef Italiano Corp. v. Kent State* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, would seem to result in a dismissal of this case for lack of a final order, such case had no majority opinion as to the reasoning behind the dismissal. Moreover, Civ.R. 54(B) has since been amended to cover situations, such as the one in the case at bar, where multiple claims arose

Appellants' sole assignment of error asserts that the trial court erred in granting summary judgment in favor of appellees and dismissing appellants' claims for negligent infliction of emotional distress and intentional infliction of emotional distress.

An appellate court reviews a trial court's decision on a motion for summary judgment *de novo. Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

"[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * * " (Emphasis *sic.*) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

The "portions of the record" or evidentiary materials listed in Civ.R. 56(C) include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. The court is obligated to view all the evidentiary material in a light most favorable to the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

"If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be

out of the same transaction. See 1992 Comment to Civ.R. 54(B). Furthermore, subsequent Supreme Court cases have treated orders such as the present one as final appealable orders. See, *e.g., Hitchings v. Weese* (1997), 77 Ohio St.3d 390, 674 N.E.2d 688; *Wisintainer v. Elcen Power Strut Co.*(1993), 67 Ohio St.3d 352, 617 N.E.2d 1136.

entered against the nonmoving party." *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264.

■ Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

The two causes of action at issue in this case are negligent infliction of emotional distress and intentional infliction of emotional distress. The elements required in order to recover in an action for intentional infliction of emotional distress are as follows:

"1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community,' Restatement of Torts 2d (1965) 73, Section 46, comment d; 3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected to endure it,' Restatement of Torts 2d 77, Section 46, comment j." *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34, 11 OBR 63, 463 N.E.2d 98.

■ Appellants argue that appellees failed to prove a lack of intent. To the contrary, appellees cited the following deposition testimony of plaintiff-appellant, Michael J. Walkosky:

"Q. Did Mr. Marshall [defendant-appellee] ever do anything or say anything that you think evidences any malice or I'll [*sic*] will towards you, personally, or your wife?

"A. No. And I don't believe—no, I don't believe that he would do that."

Appellants failed to meet their reciprocal burden to set forth specific facts showing that appellees either intended to cause emotional distress or knew or should have known that the actions taken would result in serious emotional distress to appellants. Therefore, appellants' claim for intentional infliction of emotional distress fails for lack of proof going to the element of intent.

■ Concerning appellants' claim for *negligent infliction of emotional dis-tress,* this court has noted that an essential element is that the distress is caused by the plaintiff's fear of an actual physical peril. *Audia v. Rossi Bros. Funeral Home, Inc.* (2000), 140 Ohio App.3d 589, 748 N.E.2d 587 (holding that a cause of action for negligent infliction of emotional distress, relating to the negligent

handling of a dead body, and with no requirement of fear of actual peril, does not exist). Negligent infliction is limited "to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." *High v. Howard* (1992), 64 Ohio St.3d 82, 85–86, 592 N.E.2d 818, overruled on other grounds in *Gallimore v. Children's Hosp. Med. Ctr.* (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052. Clearly, appellants' case is not one in which they were placed in fear of actual physical peril. Therefore, their claim for negligent infliction of emotional distress fails as a matter of law.

Accordingly, appellants' sole assignment of error is without merit.

The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

VUKOVICH, J., concurs.

DEGENARO, J., dissents.

DEGENARO, Judge, dissenting.

As the majority has impermissibly addressed the merits of appellants' appeal because we lack jurisdiction to hear this appeal, I must respectfully dissent.

The majority notes that the trial court made a finding of no just reason for delay in accordance with Civ.R. 54(B). However, Civ.R. 54(B) does not alter the requirement that an order must be final before it is appealable. *Stewart v. Midwestern Indem. Co.* (1989), 45 Ohio St.3d 124, 127, 543 N.E.2d 1200. Before a judgment may be final, it must comply with R.C. 2505.02, which this order does not. It does not dispose of all the issues in the action, was not made in a special proceeding, or grant a provisional remedy. Because the trial court's order does not fall under the definition of final orders found in R.C. 2505.02(B), this court does not have jurisdiction to address appellants' assignments of error.

As I noted in my concurring and dissenting opinion in *Champion v. Dunns Tire & Auto, Inc.* (June 26, 2001), Mahoning App. No. 00CA42, unreported, 2001 WL 741630, "[w]e must be mindful of the philosophy of judicial restraint and resist issuing advisory opinions." As the Ohio Supreme Court explained in *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000:

"It is tempting to us to consider, discuss and rule on some or all of the foregoing issues and even some others not set forth. In addition, we recognize that the main issue presented is one that is capable of repetition. However, none of this matters because the issue being appealed to us does not emanate from an order which is final and appealable, as explained *infra*. Accordingly, any opinion we would render on an issue which is not the subject of a final judgment would

be, at best, advisory in nature. It is, of course, well settled that this court will not indulge in advisory opinions."

We should be guided by the Ohio Supreme Court's decision in *N. Canton* and refrain from indulging in advisory opinions when we do not have jurisdiction for lack of a final appealable order.

For the foregoing reasons, I would decline to address appellants' assignments of errors on the merits, as this court lacks jurisdiction to do so, and *sua sponte* dismiss the appeal for lack of a final appealable order.