OPINION
Appellant, Barry P. Tenney, appeals the judgment of the Trumbull County Court of Common Pleas dismissing his complaint against his employer, General Electric Company ("G.E."), and several of its employees, Joanne Deibold ("O'Neil"), Bill Callahan ("Callahan"), Lanette Harbin ("Harbin"), and Terry Larson ("Larson"), for failure to state a claim upon which relief could be granted pursuant to Civ.R. 12(B)(6).
Appellant has been employed by G.E. since 1973. In his complaint, appellant alleges that in the four years preceding the lawsuit he was subjected to continuous harassment by his supervisors and co-workers, including unwelcome sexual remarks, because of his orientation. Specifically, appellant alleges: (1) O'Neil, the plant nurse, made repeated harassing and outrageous comments regarding appellant's parents and made unwelcome and inappropriate physical contact with him; (2) Callahan, a G.E. employee and also the union president, told appellant that he was a trouble maker, bad worker, and a liar; (3) Harbin, a G.E. employee, threatened to kill appellant; (4) Larson, a G.E. foreman, threatened appellant and became agitated when appellant's friend went to the plant regarding a personal matter; (5) unknown G.E. employees wrote crude and outrageous things about appellant on the bathroom walls and other areas of the facility, including falsely stating that he has AIDS; and, (6) instead of protecting appellant from this conduct, G.E. endorsed the conduct and participated in the alleged harassment. As a result of these actions, appellant claims he suffers severe emotional distress and depression, which causes him to be unable to devote his full attention to his job.
Based on the conduct described, supra, appellant alleges: in Count One, that O'Neil, Larson, Callahan and Harbin, interfered with his employment relationship; in Count Two, that appellees' conduct rose to the level of intentional infliction of emotional distress; and, in Count Three, that, in contravention of Ohio law, appellees discriminated against him on the basis of sexual orientation.
All appellees[1] who had been served with the complaint filed motions to dismiss, pursuant to Civ.R. 12(B)(6), arguing that appellant failed to state a claim upon which relief could be granted. The trial court granted appellees' motions and dismissed the charges with prejudice. From this judgment, appellant appealed, raising the following assignments of error:
 "[1.] The trial court erred in finding that Count II of appellant's complaint Intentional/Reckless Infliction of Emotional Distress failed to state a claim for which relief can be granted.
 "[2.] The trial court erred in finding that Count III of appellant's complaint discrimination/hostile work environment based on sexual orientation failed to state a claim for which relief can be granted."
In his first assignment of error, appellant argues that Hampel v. FoodIngredients Specialties, Inc., 89 Ohio St.3d 169, 2000-Ohio-128, andRuss v. TRW, Inc. (1991), 59 Ohio St.3d 42 support his claim of intentional infliction of emotional distress. Appellees argue that appellant's reliance on Hampel and Russ is misplaced and that he failed to make sufficient allegations to overcome a motion to dismiss.
When reviewing a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint and determine whether the dismissal was appropriate. McGlone v. Grimshaw,
(1993), 86 Ohio App.3d 279, 285. Dismissal is only appropriate, under Civ.R. 12(B)(6), when it appears, from the compliant, that appellant can prove no set of facts to support his claim, entitling him to relief. Yorkv. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144. A court must presume the truth of all factual allegations set forth in the complaint and must make all reasonable inferences in favor of the nonmoving party.McGlone at 285. "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted [pursuant to Civ.R. 12(B)(6)], it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus.
The Supreme Court has held that in order to prove intentional infliction of emotional distress, the plaintiff must show: "(1) that the defendant intended to cause the plaintiff serious distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." Phung v. Waste Mgt., Inc., 71 Ohio St.3d 408, 410,1994-Ohio-389. Liability for intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, 375.
 An examination of the complaint in this case reveals that appellant does allege that, for a period of four years, his co-workers and supervisors: subjected him to harassing and outrageous comments, threatened him, and libeled him by writing that he had AIDS. If these allegations can be substantiated, a claim for intentional infliction for emotional distress might be proved. Furthermore, appellant alleged that he suffered severe emotional distress and depression. We note that this case appears to be a close call; however, the case is before us on a motion to dismiss. Thus, we must presume the truth of all the factual allegations set forth in the complaint and make all reasonable inferences in favor of the nonmoving party.
Since it does not appear beyond doubt that appellee can prove no set of facts which would entitle him to relief, the judgment of the Trumbull County Court of Common Pleas must be reversed and the cause remanded for proceedings consistent with this Opinion. Thus, appellant's first assignment of error has merit.
We note that Hampel and Russ are distinguishable from the instant case because neither case presented the issue of whether a dismissal was appropriate; both cases had gone to trial.
In appellant's second assignment of error, he urges this court to find that discrimination based on sexual orientation is actionable under R.C.4112.02(A). While appellant acknowledges that no Ohio court has allowed such a claim, he cites to the concurring opinion in Retterer v. WhirlpoolCorp., 89 Ohio St.3d 1215, 2000-Ohio-129, as support for his argument. In Retterer, the court dismissed the case as having been improvidently allowed; however, in a concurring opinion, Justice Pfeiffer noted that the case "might have presented us the opportunity to consider whether discrimination based upon sexual orientation is also actionable under R.C. 4112.02(A)" and that "it is only a matter of time before the question * * * is properly before [the] court." Retterer, at 1216 (Pfeiffer, J., concurring).
Appellees argue that sexual orientation is not protected by Ohio's civil rights statute, R.C. 4112, the Ohio Supreme Court has not yet been presented with this issue, and no Ohio court has recognized a claim for discrimination based on sexual orientation.
R.C. 4112.02(A), provides that is an unlawful discriminatory practice:
 "For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." (Emphasis added.)
Sexual orientation is noticeably not included in the list of prohibitions enumerated in R.C. 4112.02(A). Further, a review of the case law reveals that, although same-sex sexual harassment may be actionable under R.C. 4112.02(A), the statute's prohibitions have not been extended to sexual orientation. Cooke v. SGS Tool Company (Apr. 26, 2000), 9th Dist. Np. 19675, 2000 Ohio App. LEXIS 1784, at * 7-8; See also, Tarverv. Calex Corp. (1998), 125 Ohio App.3d 468, 476-77; Greenwood v. Taft,Stettinius Hollister (1995), 105 Ohio App.3d 295. We decline to interpret R.C. 4112.02 to prohibit discrimination based on sexual orientation.
We conclude that the protections of R.C. 4112.02(A) do not extend to discrimination based on sexual orientation. Because appellant's discrimination claim was solely based on sexual orientation, the trial court properly dismissed his claim. Appellant's second assignment of error lacks merit.
Based on the foregoing, the judgment of the Trumbull County Court of Common Pleas is reversed and the cause remanded for proceedings consistent with this Opinion regarding appellant's claim of intentional infliction of emotional distress. The judgment of the trial court is hereby affirmed with regard to appellant's discrimination claim.
DIANE V. GRENDELL, J., concurs, JUDITH A. CHRISTLEY, P.J., dissents with a Dissenting Opinion,
[1] The record reveals that Lanette Harbin was not served with a complaint and no action on her behalf has been taken in this litigation. Additionally, due to appellant's error in the complaint, Joann O'Neil was incorrectly identified as Joanne Diebold.