OPINION
{¶ 1} Plaintiff-appellant, David Wright, appeals from a Mahoning County Common Pleas Court decision granting judgment on the pleadings to defendant-appellee, the Schwebel Baking Company.
 {¶ 2} Appellant was employed by appellee as was defendant, Nicole Ozenghar. On February 17, 2003, Ozenghar accused appellant of sexually harassing her. As a result of Ozenghar's accusations, appellant's supervisor, Jim Ervin, told appellant to stop harassing Ozenghar or he would be terminated. Appellant denied Ozenghar's accusations. Several days later, Ervin informed appellant that Ozenghar had made further accusations of sexual harassment. Ervin then fired appellant.
 {¶ 3} Appellant filed a complaint against appellee and Ozenghar, asserting causes of action for breach of implied contract, bad faith breach of contract, promissory estoppel, negligence, infliction of emotional distress, defamation, tortious interference with a contract, and invasion of privacy. Appellee filed a Civ.R. 12(C) motion to dismiss on the pleadings alleging that appellant's complaint failed to state a claim upon which relief could be granted.
 {¶ 4} The trial court granted appellee's motion, awarding it judgment on the pleadings. The court found that appellant did not allege the existence of a written employment contract nor did he allege any facts in his complaint to indicate the mutual assent of both parties to create an implied employment agreement. Because several of appellant's counts were connected to a claim for breach of an implied employment contract, the court found appellant could not sustain these claims for breach of implied contract, bad faith breach of contract, promissory estoppel, and tortious interference with a contract. Next, the court found that appellant could not sustain a negligence claim because he made no allegations that he received oral or implied guarantees of future employment. The court also found that appellant could not sustain a claim for infliction of emotional distress because he did not allege actions on appellee's behalf that rose to the level of outrageousness required to sustain such a cause of action nor did he allege injuries sufficient to prevail. As to appellant's defamation claim, the court found that he could not sustain this cause of action because he failed to allege that statements regarding the cause of his termination were published to third parties. Finally, the court found that appellant could not sustain a claim for invasion of privacy because he did not allege publicity or that his personal matter was communicated to the public at large.
 {¶ 5} Appellant filed a timely notice of appeal on April 12, 2004.
 {¶ 6} Initially, it should be noted that appellant has attached his attorney's affidavit to his appellate brief. Apparently, at a pre-trial conference, the parties' attorneys and the trial judge discussed the allegations in appellant's complaint. Appellant contends that the discussions that took place at the pre-trial hearing are relevant as to the inferences that can be drawn from his complaint. So appellant attached his attorney's affidavit about what occurred at the pre-trial conference. However, this information is outside of the record and, as such, we will not consider it.
 {¶ 7} Appellant alleges one assignment of error, which states:
 {¶ 8} "IT WAS REVERSIBLE ERROR FOR THE TRIAL COURT TO GRANT THE APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO EACH AND EVERY CAUSE OF ACTION ALLEGED BY APPELLANT."
 {¶ 9} Pursuant to Civ.R. 12(C), a party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Such a motion has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. State exrel. Pirman v. Money (1994), 69 Ohio St.3d 591, 592, 635 N.E.2d 26. In ruling on Civ.R. 12(C) motions, the Ohio Supreme Court has stated:
 {¶ 10} "In applying the Civ.R. 12(C) standard, judgment on the pleadings may be granted where no material factual issue exists and the moving party is entitled to judgment as a matter of law. The determination is restricted solely to the allegations of the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true." (Internal citation omitted.) Id. at 592-93.
 {¶ 11} This standard for granting a motion to dismiss is in accord with Ohio's use of notice pleading. Cooney v. Independence (1994), 8th Dist. No. 66509, citing York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 573 N.E.2d 1063; Civ.R. 8. However, unsupported legal conclusions are not sufficient to withstand a motion to dismiss. Id. citing, Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 193,532 N.E.2d 753; Schulman v. Cleveland (1972), 30 Ohio St.2d 196, 198,283 N.E.2d 175. "While the rules of pleading do not require that a claim be alleged with precision, the complaint must still set forth operative facts showing the basis for the claim." Univ. Commons Assoc. Ltd.Partnership v. Commercial One Asset Mgt., Inc., 8th Dist. No. 80658, 2002-Ohio-4025, at ¶ 21; Civ.R. 8(A).
 {¶ 12} Each count of the complaint must be examined separately to determine if the trial court properly dismissed it.
 {¶ 13} In his complaint, appellant admitted that he was a salaried, non-union employee with appellee.
 BREACH OF IMPLIED CONTRACT {¶ 14} Count one was for breach of implied contract. In the complaint, appellant alleged that he had an implied contract with appellee that included terms that he would not be terminated without just cause and in accordance with appellee's employee handbook. He asserted that appellee breached the implied contract by terminating him.
 {¶ 15} In order to sufficiently assert a cause of action for breach of an implied contract, appellant had to first allege facts that supported the existence of an implied contract. It appears that he has done so.
 {¶ 16} Ohio has long recognized the employment-at-will doctrine, which holds that either party may terminate the employment relationship for any reason that is not contrary to law. Mers v. Dispatch Printing Co.
(1985), 19 Ohio St.3d 100, 103, 483 N.E.2d 150. Two exceptions exist to this rule: (1) an implied contract and (2) promissory estoppel. Id. at paragraphs two and three of the syllabus.
 {¶ 17} To prove a breach of contract claim, the plaintiff must demonstrate: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. Doner v. Snapp (1994), 98 Ohio App.3d 597, 600,649 N.E.2d 42.
 {¶ 18} Appellant relies on two theories to support an implied contract. First, he contends that he had an implied, verbal contract with appellee. Second, he contends that he had an implied contract through the terms of the employee handbook.
 {¶ 19} Appellant alleged that he and appellee had an implied agreement with terms that included appellee would not terminate him without cause and in accordance with the terms of the employee handbook. Appellant further alleged that he has performed in accordance with the contract as appellee's salaried employee. Finally, appellant alleged that appellee breached this implied contract and that as a result, he has suffered damages. Thus, appellant asserted all of the necessary elements to support a breach of implied contract claim. Accordingly, the trial court should not have dismissed this claim.
 BAD FAITH BREACH OF CONTRACT/TORTIOUS INTERFERENCE WITH A CONTRACT {¶ 20} Count two was for bad faith breach of contract. Appellant alleged that his implied contract with appellee constituted an agency contract, which gave rise to a duty of good faith. He asserted that by terminating him, appellee also caused him loss of reputation, humiliation, embarrassment, and loss of self esteem all in bad faith.
 {¶ 21} Count seven was for tortious interference with a contract. This count was only against Ozenghar. The trial court disposed of it because without a contract, there can be no interference with a contract.
 {¶ 22} The trial court concluded that since appellant did not allege sufficient facts to demonstrate an implied contract, he could not sustain claims for bad faith breach of contract and tortious interference with a contract since they require an implied contract. However, since we have concluded that appellant properly asserted a claim for breach of an implied contract, appellant may also assert these claims as long as he asserted the other necessary elements.
 {¶ 23} As for the bad faith breach of contract claim, the only additional element appellant had to assert was that appellee acted in bad faith in breaching the implied contract, which he did assert.
 {¶ 24} As for the tortious interference claim, appellant had to additionally assert: (1) the wrongdoer's knowledge of the contract; (2) the wrongdoer's intentional procurement of the breached contract; (3) the lack of justification; and (4) resulting damages. Fred Siegel Co.,L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, 176, 707 N.E.2d 853.
 {¶ 25} Appellant asserted each of these elements. He stated that Ozenghar knew of the agreements between him and appellee and that she intentionally procured appellee's breach without justification. Additionally, appellant asserted that he suffered damages as a result of Ozenghar's actions.
 {¶ 26} Thus, the trial court should not have dismissed appellant's claims for bad faith breach of contract and tortious interference with a contract.
 PROMISSORY ESTOPPEL {¶ 27} Count three was for promissory estoppel. Appellant asserted that he relied in good faith on the promises made by appellee that his position was permanent and he would not be terminated until retirement at age 65. He also alleged that despite his experience in the bakery industry, he did not seek other employment. Appellant also alleged he relied in good faith on the promise by Ervin that if the alleged sexual harassment stopped, he would not be terminated.
 {¶ 28} Promissory estoppel is applicable to employment-at-will relationships when a promise that the employer should reasonably expect to induce action or forbearance on the part of the employee does induce such action or forbearance, if injustice can be avoided only by enforcement of the promise. Kelly v. Georgia-Pacific Corp. (1989),46 Ohio St.3d 134, 139, 545 N.E.2d 1244. "The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." Id. at paragraph three of the syllabus.
 {¶ 29} A specific promise of employment until retirement may, if made under circumstances in which reliance upon the promise is reasonable, support a promissory estoppel claim. Buren v. Karrington Health, Inc.,
10th Dist. No. 00AP-1414, 2002-Ohio-206. In Buren, the court found that an employer's statement that, "`if you could do [for Karrington what you did for your current employer] you would be here forever'" could only be characterized as a generalized statement of possible future career opportunities, and could not reasonably be understood as a clear promise of employment until retirement. The court also relied on Lake v. WolffBrothers Supply, Inc. (Nov. 10, 1993), 8th Dist. No. 63959. In Lake, the employee alleged that his former employer had promised him long-term employment during pre-employment negotiations, when the employer stated, "`[d]on't worry. If you do this well, you will have this position forever,'" and "`[w]ith this kind of partnership, you will have a job until you retire.'" The court concluded that the employer's statements were too vague to constitute specific promises of employment until retirement.
 {¶ 30} In this case, the promise appellant alleges appellee made to him is not as vague as the promises in Buren and Lake. Appellant asserted that appellee promised him that he would not be terminated until retirement at age 65. The Ohio Supreme Court has held that "[a] promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine." Wing, 59 Ohio St.3d at paragraph two of the syllabus. Here, appellant alleges a specific promise of continued employment — employment until he retired at age 65. This specific alleged promise distinguishes this case from Buren and Lake.
 {¶ 31} Appellant must have also alleged detrimental reliance in order to pursue a promissory estoppel claim. He did so when he alleged that "promises led plaintiff to change his employment position ultimately for the worse." Since appellant alleged each of the elements of promissory estoppel, the trial court should not have dismissed this claim.
 NEGLIGENCE {¶ 32} Count four was for negligence. Appellant asserted that appellee, by its acts, representations, admissions, or failure to properly investigate Ozenghar's allegations, negligently induced him to believe that his employment would not be terminated.
 {¶ 33} Appellee cites to a similar case where the Fifth District held that an employer owed an employee no duty as to drug testing. Bellingerv. Weight Watchers Gourmet Food Co. (2001), 142 Ohio App.3d 708, 716,756 N.E.2d 1251. In Bellinger, the employee argued that his employer breached its duty to perform drug testing in a competent manner. In awarding summary judgment to the employer on the employee's negligence claim, the court stated that the employer could have discharged the employee without even conducting drug tests.
 {¶ 34} In this case, appellant alleged that he was not an employee-at-will, but instead had an implied contract with appellee. However, he did not allege that the terms of his implied contract required appellee to perform any type of investigation into disciplinary matters. Thus, it follows that appellee owed no duty to appellant to conduct an investigation into Ozenghar's allegations. Accordingly, appellant can not sustain a cause of action for negligence.
 INFLICTION OF EMOTIONAL DISTRESS {¶ 35} Count five was for infliction of emotional distress. Appellant asserted that appellee's negligent or intentional acts proximately caused injury to him in the form of embarrassment, mental anguish, loss of reputation, loss of self esteem, harm to his relationship with his family, and physical injury to him in the form of adverse health effects.
 {¶ 36} Appellant can not assert a claim for negligent infliction of emotional distress. Generally, Ohio does not recognize negligent infliction of emotional distress as a separate tort in the employment context. Peitsmeyer v. Jackson Tp. Bd. of Trustees, 10th Dist. No. 02AP-1174, 2003-Ohio-4302, fn. 3; Singer v. UAW Local Union 1112 (Apr. 30, 2002), 11th Dist. No. 2001-T-0028; Tschantz v. Ferguson (1994),97 Ohio App.3d 693, 714, 647 N.E.2d 507.
 {¶ 37} To assert a claim for intentional infliction of emotional distress appellant had to assert that appellee intentionally or recklessly caused severe emotional distress through extreme and outrageous conduct. Spence v. Maiorca, 7th Dist. No. 01APO762, 2002-Ohio-5183, at ¶ 30.
 {¶ 38} In his brief, appellant alleges that appellee's conduct in terminating him was outrageous because his conduct with Ozenghar was committed outside of the workplace and with Ozenghar's consent. However, this information appears only in appellant's brief. It is not alleged in his complaint. Our review in this case is limited solely to the allegations in the pleadings. Pirman, 69 Ohio St.3d at 592. Thus, appellant can not sustain a claim for infliction of emotional distress.
 DEFAMATION {¶ 39} Count six was for defamation. Appellant alleged that appellee's false allegations of accusing him of sexual harassment defamed his character and caused injury to him in the form of embarrassment, mental anguish, loss of reputation among his peers, loss of self esteem, harm to his relationship with his family, and loss of his reputation in the business community.
 {¶ 40} To assert a claim for defamation, the plaintiff must allege that (1) the defendant made a false statement, (2) the false statement was defamatory, (3) the false defamatory statement was published, (4) the plaintiff was injured, and (5) the defendant acted with the required degree of fault. Desarro v. McVay, 7th Dist. No. 02-Co-42, 2003-Ohio-1224, at ¶ 15.
 {¶ 41} Appellant contends that one can infer from paragraph 34 of his complaint that appellee's false accusations reached the ears of third parties. Paragraph 34 states:
 {¶ 42} "Schwebels' and/or Ozenghar's actions in falsely accusing the plaintiff of sexual harassment defamed the character of the plaintiff, and caused injury to plaintiff in the form of embarrassment, mental anguish, loss of reputation among his peers, loss of self-esteem, harm to plaintiff's relationship with his family, and loss of plaintiff's reputation in the business community."
 {¶ 43} As the trial court found, appellant only alleged injuries. He did not assert anywhere in his complaint that appellee published the accusations about him to third parties. Thus, appellant cannot sustain a defamation claim.
 INVASION OF PRIVACY {¶ 44} Count eight was for invasion of privacy. Appellant alleged that appellee's actions constituted an unwarranted publication of private affairs about which it had no legitimate concern. He further asserted that appellee's activities were a wrongful intrusion into his private actions. He asserted that he suffered mental anguish as a direct result.
 {¶ 45} Appellant attempted to assert two separate causes of action here. The Ohio Supreme Court has recognized several different types of invasion of privacy actions. Kalbfell v. Marc Glassman, Inc., 7th Dist. No. 02-CO-5, 2003-Ohio-3489, at ¶ 34. The two causes of action appellant attempted to assert are (1) publicizing private affairs with which the public has no legitimate interest and (2) wrongful intrusion into private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation. Id.
 {¶ 46} As to the first cause of action, appellant failed to allege that appellee published the allegations of sexual harassment to anyone. To publicize information means to communicate the matter to the public at large, or to so many people that the matter must be regarded as substantially certain to become one of public knowledge. Killilea v.Sears, Roebuck Co. (1985), 27 Ohio App.3d 163, 166, 499 N.E.2d 1291. Appellant alleges in his brief that appellee published his private affairs to other employees. However, this allegation appears nowhere in his complaint.
 {¶ 47} As to the second cause of action, appellant does not indicate how appellee may have intruded into his private activities. Appellee acted on allegations made another employee. It did not look into appellant's private actions on its own, but merely acted upon allegations brought to its attention.
 {¶ 48} Thus, appellant cannot sustain an action for invasion of privacy.
 {¶ 49} Consequently, the trial court erred in dismissing appellant's claims for breach of implied contract, bad faith breach of contract, tortious interference with a contract, and promissory estoppel. The court did not err in dismissing appellant's claims for negligence, infliction of emotional distress, defamation and invasion of privacy. Accordingly, appellant's assignment of error is meritorious in part.
 {¶ 50} For the reasons stated above, the trial court's judgment is hereby affirmed in part as to the claim for negligence, infliction of emotional distress, defamation and invasion of privacy. It is hereby reversed in part and remanded as to the breach of implied contract, bad faith breach of contract, tortious interference with a contract, and promissory estoppel claims.
Vukovich, J., concurs DeGenaro, J., concurs