[Cite as *Inskeep v. W. Res. Transit Auth.*, 2013-Ohio-897.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MATTHEW INSKEEP, | ) | CASE NO.   12 MA 72 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| WESTERN RESERVE TRANSIT AUTHORITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court, Case No. 11CV3440.


JUDGMENT:                                        Affirmed.


APPEARANCES:
For Plaintiff-Appellant:                      Attorney Robert Rohrbaugh
                                                         4800 Market Street, Suite A
                                                         Youngstown, Ohio  44512


For Defendant-Appellee:                    Attorney Karen Adinolfi
                                                         222 South Main Street
                                                         Akron, Ohio  44308


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                         Dated:      March      8,      2013

VUKOVICH, J.

{¶1} Plaintiff-appellant Matthew Inskeep appeals the decision of the Mahoning County Common Pleas Court which granted the motion for judgment on the pleadings filed by defendant-appellee Western Reserve Transit Authority (WRTA). As to the dismissal of his sexual harassment claim, appellant urges this court to adopt a position holding that harassment based upon sexual orientation is actionable as a form of "sex" discrimination under R.C. 4112.02(A), which prohibits an employer from discriminating because of a person's sex. However, discrimination due to sexual orientation is not necessarily discrimination "because of" the sex of a person.

{¶2} As to the dismissal of his negligent infliction of emotional distress claim, appellant contends that the trial court should not have ignored the affidavit he attached to his response to the employer's motion for judgment on the pleadings. To the contrary, an attachment to a response to a motion for judgment on the pleadings cannot defeat the motion as the trial court can only consider the complaint, the answer, and any documents attached to the complaint or answer when determining whether the pleadings state a claim. As such, the judgment of the trial court is hereby affirmed.

## STATEMENT OF THE CASE

{¶3} Appellant filed a complaint against his employer, WRTA, setting forth two causes of actions, sexual harassment and negligent infliction of emotional distress. After filing an answer containing various defenses including failure to state a claim upon which relief can be granted, the employer filed a motion for judgment on the pleadings. Regarding sexual harassment, the employer argued that employment discrimination due to one's sexual orientation is not a claim that is recognized under Ohio law. Concerning the second cause of action, the employer noted that the complaint failed to allege that appellant was a bystander to an accident or that he feared physical consequences, which is a necessary element for a negligent infliction of emotional distress claim. The employer alternatively argued that negligent infliction of emotional distress is not a separate tort in the employment context.

{¶4}  Appellant responded that the statutory prohibition of employment discrimination "because of" one's sex would include discrimination because of one's sexual orientation.  In responding to the claimed deficiency in pleading negligent infliction of emotional distress, appellant disclosed that he had been in fear of consequences to his person as he was a bystander to what he believed was an explosion.  In support, he attached an affidavit in which he stated that, while he was driving a bus around the garage at work, another employee set off firecrackers, causing him great panic, alarm, fear, and distress.  He stated that as a result of this act and other harassment, he was under the care of a physician for emotional distress.

{¶5}  The employer reiterated the argument that the term "sex" in the discrimination statute refers to gender, not sexual orientation.  The employer also argued in its reply and in a motion to strike that appellant's affidavit cannot be considered because a motion for judgment on the pleadings refers only to the pleadings and items properly attached thereto.

{¶6}  On March 28, 2012, the trial court granted the employer's motion to strike the affidavit and thus refused to consider the contents thereof.  The court then granted the employer's motion for judgment on the pleadings, stating that the protections in R.C. 4112.02(A) do not extend to sexual orientation and that negligent infliction of emotional distress is not a separate tort in the employment context.

{¶7}  Appellant filed a timely notice of appeal.  Appellant's brief sets forth one assignment of error, generally contending that the trial court erred in sustaining the employer's motion for judgment on the pleadings.  We address the arguments concerning each cause of action separately.  But first, we briefly outline the law concerning a motion for judgment on the pleadings.

<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>

{¶8}  "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Civ.R. 12(C).  A defense of failure to state a claim upon which relief can be granted can be raised in a motion for judgment on the pleadings.  Civ.R. 12(H)(2).

**{¶9}** Granting a defendant's Civ.R. 12(C) motion is appropriate where a court construes the pleadings' material allegations and the reasonable inferences to be drawn therefrom in favor of the non-movant and still finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). As a decision on a Civ.R. 12(C) motion entails a question of law, the appellate court conducts a de novo review without deference to the determination of the trial court. *Ahmed v. Sargus*, 7th Dist. No. 03BE63, 2005-Ohio-2382, ¶ 7.

## SEXUAL HARASSMENT

**{¶10}** Statutorily, it is an unlawful discriminatory practice for any employer "because of the race, color, religion, sex, military status, national origin, disability,[1] age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." R.C. 4112.02(A).

**{¶11}** Several states have chosen to enact legislation prohibiting discrimination against homosexuals by adding sexual orientation as a protected status in their discrimination statutes. Because Ohio has not, it has been concluded that sexual orientation is not protected. *See Greenwood v. Taft, Stettinius & Hollister*, 105 Ohio App.3d 295, 298-299, 663 N.E.2d 1030 (1st Dist.1995) (concluding that, without the legislative addition of "sexual orientation" to the statutory list of protected statuses, there is no statutory prohibition on discrimination based upon a person's sexual orientation).

**{¶12}** Appellant cites dictionary.com to support his position that one common definition of sex is "the instinct or attraction drawing one sex toward another, or its manifestation in life and conduct." His sole argument presented regarding his sexual harassment cause of action is that discrimination against a person due to that

---

[1]Note that, in defining "disability" as certain types of physical or mental impairment, the statute excludes homosexuality and bisexuality from the definition of physical or mental impairment. R.C. 4112.01(A)(13) and (A)(16)(b)(i).

person's sexual orientation is discrimination due to that person's "sex." Note that he does not argue that his complaint is sufficient even if we do not include sexual orientation in the definition of sex as used in the statute.

{¶13} The employer cites various cases concluding that sexual orientation is not *yet* protected from discrimination by Ohio statutes and concludes that discrimination because of a person's sex is not equivalent to discrimination because of a person's sexual orientation. The employer emphasizes that, regardless of his sexual orientation, appellant's complaint did not allege that he was discriminated against or harassed because of his gender.

{¶14} The Supreme Court of Ohio has not addressed the precise issue of whether R.C. 4112.02(A)'s use of the word "sex" would include sexual orientation. *See Retterer v. Whirlpool Corp.*, 89 Ohio St.3d 1215, 729 N.E.2d 760 (2000) (Pfeifer, J., concurring in dismissal of appeal and noting that had appellant properly preserved his claim for appeal, the Supreme Court may have had the opportunity to address whether sexual orientation discrimination is actionable). Justice Pfeifer noted that sexual orientation discrimination may merely be "the opposite side of the same sexual-harassment coin," referring to the same-sex harassment that was found actionable in *Hampel*, a case decided the same day that *Retterer* was dismissed.

{¶15} In *Hampel*, the Supreme Court applied the statutory discrimination prohibitions to preclude same-sex sexual harassment, concluding that one man can sexually harass another man if the offending actions are done "because of the sex" of the victim or would not have been done "but for the sex" of the victim. *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169, 177-179, 729 N.E.2d 726 (2000). This was an adoption of the United States Supreme Court's position that same-sex sexual harassment is actionable under comparable federal statutes. *See Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 78, 83, 118 S.Ct. 998, 140 L.Ed.2d 201, 209 (1997) (noting that a person of one race can discriminate against a person of the same race in hiring or terms of employment).

{¶16} Still, a plaintiff who brings a same-sex sexual harassment claim must prove that the conduct at issue actually constituted discrimination because of sex. *Id.*

at 81 (noting that this can include acts due to sexual desire, acts due to hostility to a certain sex in the workplace, or a showing of different treatment of the other sex); *Hampel*, 89 Ohio St.3d at 178-179. And, we note here that we remain unaware of whether the alleged perpetrators of the harassment in the case before us were males or females; thus, we do not know if this is a case of same-sex harassment.

{¶17} Nevertheless, this does not answer the question of whether an employee can sue after he suffered employment discrimination because he is homosexual.

{¶18} In directly addressing this issue after *Hampel*, the Ninth and Eleventh Districts have concluded that, until the legislature changes the language of R.C. 4112.02 to include sexual orientation, discrimination because of one's sexual orientation is not protected by the statute. *Tenney v. General Electric Co.*, 11th Dist. No. 2001-T-0035, 2002-Ohio-2975, ¶ 17-18 (concluding that a sexual harassment claim was properly dismissed upon defendant's Civ.R. 12(B)(6) motion); *Gianinni–Baur v. Schwab Retirement Plan Servs.*, 9th Dist. No. 25172, 2010-Ohio-6453, ¶ 18, 28.

{¶19} "Although same-sex harassment may be actionable under R.C. 4112.02 to the extent plaintiffs can demonstrate that the harassment occurred because of their sex, the prohibitions of R.C. 4112.02(A) do not extend to sexual orientation." *Cooke v. SGC Tool Co.*, 9th Dist. No. 19675 (Aug. 26, 2000) (concluding that nothing established a connection between plaintiff's sex and any alleged harassment that occurred during her employment).

{¶20} Prior to the Supreme Court's *Hampel* decision, this district had already come to the same conclusion about same-sex sexual harassment: that it can be actionable if the victim alleges that he was discriminated against because of sex. *Tarver v. Calex Corp.*, 125 Ohio App.3d 468, 477, 708 N.E.2d 1041 (7th Dist.1998) (where male employee inappropriately touched male plaintiff). We cited a federal case stating that the statute "makes no distinction based upon sexual orientation: the determinative question is not the orientation of the harasser, but whether the sexual harassment would have occurred but for the gender of the victim." *Id.* at 475, quoting

*Williams v. Dist. of Columbia*, 916 F.Supp. 1, 7-9 (D.D.C.1996). Although allowing same-sex sexual harassment cases to proceed where based on sex, we still expressed agreement with the premise that *R.C. 4112.02 does not protect sexual orientation. Id.*

**{¶21}** It has also been stated that the comparable federal statute's prohibition on discrimination because of sex does not mean that discrimination because of sexual orientation is currently unlawful under the statute. *See, e.g., Vickers v. Fairfield Med. Ctr.*, 454 F.3d 757, 765-766 (6th Cir.2006) (upholding judgment on the pleadings for failure to plead hostile work environment claim due to same-sex sexual harassment where plaintiff did not plead harassment by one of three ways outlined in *Onacle*); *Gilbert v. Country Music Assn., Inc.*, 432 Fed. Appx. 516 (6th Cir.2011) ("A claim premised on sexual-orientation discrimination thus does not state a claim upon which relief may be granted."); *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1085 (7th Cir.2000). *See also Vickers*, 454 F.3d at 766 (Lawson, J., dissenting) ("It is beyond debate that Title VII does not prohibit workplace discrimination or harassment based on sexual preference, sexual orientation, or homosexuality.").

**{¶22}** It has also been observed: "Harassment on the basis of sexual orientation has no place in our society. Congress has not yet seen fit, however, to provide protection against such harassment." *Bibby v. Philadelphia Coca-Cola Bottling Co.*, 260 F.3d 257, 265 (3d Cir.2001). Appellant cites no case in support of his position but rather asks this court to change our position and rule against the above holdings.

**{¶23}** However, until the legislature or the Ohio Supreme Court addresses the issue directly, we continue to follow the position that an allegation of discrimination because of sexual orientation alone is not actionable under R.C. 4112.02(A). This assignment of error is overruled.

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

{¶24} Regarding the negligent infliction of emotional distress cause of action, appellant's complaint referred back to the allegations stated within the sexual harassment cause of action: that other employees subjected appellant to unwanted harassment on account of his sexual orientation, that the harassment was so pervasive that it affected the terms, conditions, or privileges of his employment, that the harassment continued after he reported the harassment to his supervisor, and that this caused a hostile work environment. The negligent infliction of emotional distress cause of action continued to state that the employer's negligent action or failure to take action caused appellant emotional distress, reiterating that the sexual harassment was pervasive and serious.

{¶25} Appellant does not dispute the employer's position that negligent infliction of emotional distress is only actionable if the plaintiff has either witnessed or experienced a dangerous accident or was subjected to an actual physical peril. *See Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 163, 677 N.E.2d 30 (1997); *Walkosky v. Valley Memorials*, 146 Ohio App.3d 149, 152-153, 765 N.E.2d 429 (7th Dist.2001); *Audia v. Rossi Bros. Funeral Home, Inc.*, 140 Ohio App.3d 589, 591, 748 N.E.2d 587 (7th Dist.2000). He also does not dispute that he failed to allege this element of negligent infliction of emotional distress in his complaint.

{¶26} Appellant's sole argument here is that the court erred in ignoring the affidavit, which he attached to his memorandum in response to the employer's motion for judgment on the pleadings. As aforementioned, the affidavit stated that he feared physical consequences when someone lit firecrackers near the bus he was driving causing him to believe there had been an explosion.

{¶27} A Civ.R. 12(C) motion for judgment on the pleadings is designed to review only the pleadings on matters of law. *DeMartino v. Poland Loc. Sch. Dist.*, 7th Dist. No. 10MA19, 2011-Ohio-1466, ¶ 7, 30, 50. No other documents can be considered. *Id.* The pleadings are defined by rule as follows:

{¶28} "There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned

under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." Civ.R. 7(A).

{¶29} Moreover, "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C). Here, no documents were attached to the pleadings.

{¶30} The contents of and attachments to a memorandum filed in response to a motion are not part of the pleadings. *See* Civ.R. 7(A); Civ.R. 10(C). Notably, no request to amend the complaint was made here.

{¶31} Thus, the affidavit attached to appellant's memorandum opposing judgment on the pleadings was properly disregarded by the trial court. *See DeMartino*, 7th Dist. No. 10MA19 at ¶ 30 (court cannot consider contents of affidavit attached to motion for judgment on pleadings); *Business Data Sys., Inc. v. Figetakis*, 9th Dist. No. 22783, 2006-Ohio-1036, ¶ 9 (court cannot consider attachments to motion for judgment on pleadings); *Vagianos v. Metropolis Ents., Inc.*, 8th Dist. No. 68518 (Oct. 12, 1995) ("affidavits and other evidence outside the claims set forth in the pleadings would not be considered in ruling upon a motion for judgment on the pleadings"). Consequently, this assignment of error is overruled.

{¶32} An alternative argument set forth by the employer below and adopted by the trial court is not addressed by appellant's brief. The trial court concluded that negligent infliction of emotional distress is not recognized as a separate tort in the employment context, citing *Wright v. Schwebel Baking Co.*, 7th Dist. No. 04MA62, 2005-Ohio-4475.

{¶33} In *Wright*, this court affirmed the granting of a motion for judgment on the pleadings in favor of the employer on the plaintiff's negligent infliction of emotional distress cause of action, declaring, "Generally, Ohio does not recognize negligent infliction of emotional distress as a separate tort in the employment context." *Wright*, 7th Dist. No. 04MA62 at ¶ 36, citing *Peitsmeyer v. Jackson Twp. Bd. of Trustees*, 10th Dist. No. 02AP-1174, 2003-Ohio-4302, fn. 3, *Singer v. UAW*

*Local Union 1112*, 11th Dist. No. 2001-T-0028 (Apr. 30, 2002), and *Tschantz v. Ferguson*, 97 Ohio App.3d 693, 714, 647 N.E.2d 507 (8th Dist.1994).

**{¶34}** Appellant does not mention this proposition. As such, this portion of the trial court's holding has not been contested by appellant. Thus, it could also be stated that, regardless of whether the trial court properly refused to consider his affidavit, the failure to contest this threshold holding makes the argument about his affidavit moot.

**{¶35}** For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.