**DROZECK, Appellant and Cross–Appellee,**

v.

**LAWYERS TITLE INSURANCE CORPORATION Appellee and Cross–Appellant.**

[Cite as *Drozeck v. Lawyers Title Ins. Corp.* (2000), 140 Ohio App.3d 816.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 77083 and 77206.

Decided Dec. 28, 2000.

*Brian G. Ruschel; Dworken & Bernstein* and *Patrick J. Perotti,* for appellant and cross-appellee.

*Collins & Scanlon, L.L.P., Thomas J. Scanlon, Tim L. Collins* and *Daniel L. Montenaro,* for appellee and cross-appellant.

TIMOTHY E. MCMONAGLE, Presiding Judge.

Plaintiff-appellant and cross-appellee, Frank J. Drozeck, appeals from an order granting judgment on the pleadings in favor of defendant-appellee and cross-appellant, Lawyers Title Insurance Corporation, on his class action complaint as it relates to government filing fees charged by Lawyers Title in its capacity as an escrow agent. For the reasons that follow, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

The record shows the following. Drozeck originally filed his class action complaint against Lawyers Title on August 28, 1998. On March 19, 1999, after obtaining leave of court, he eventually filed his third amended class action complaint, purporting to bring the action on behalf of himself and all other similarly situated persons in the United States of America who, since August 28, 1983, were charged government recording fees in excess of the amounts actually charged by county recorders to Lawyers Title when it served as an escrow agent in the transfer of real property. Drozeck asserted that on January 30, 1991, Lawyers Title served as his escrow agent pursuant to the terms of its own written, pre-printed form contract and wrongfully charged him a $15 recording fee. He contended that this amount exceeded the actual charge assessed by the county recorder to Lawyers Title and that over one million people also were similarly overcharged. He asserted that the purported class members sustained damages due to a breach of the escrow contract by Lawyers Title, its breach of fiduciary duty as an escrow agent, "fraudulent overcharge," unjust enrichment,

"money had and received," and deceptive sales practices as prohibited under the Ohio Consumer Sales Practices Act, R.C. Chapter 1345.

Lawyers Title admitted in its answer that it had acted as Drozeck's escrow agent, but it asserted that it did so for a limited purpose and only under the terms of the escrow agreement. It also denied any wrongdoing and contested class status, setting forth various affirmative defenses that included the lapse of applicable limitations periods for all claims.

Shortly thereafter, Lawyers Title filed its Civ.R. 12(C) motion for judgment on the pleadings and memorandum in support. It argued that the two-year statute of limitations barred Drozeck's OCSPA claim; that it was exempt from the application of the OCSPA; that the complaint failed to state a claim for unjust enrichment; that the remaining claims did not satisfy the jurisdictional amount necessary to invoke jurisdiction of the common pleas court; and that Drozeck could not properly satisfy the requisites of maintaining a class action. Drozeck filed his response, and the court entered the following judgment on October 5, 1999:

"Defendant['s] motion for judgment on the pleadings is granted. The Court finds that the claim arises under OCSPA and is time barred. Plaintiff must have standing in their own right to represent a class. Judgment for the defendant. FINAL."

The next day, the court entered the following order:

"This journal entry is drafted to correct the journal entry of 10–5–99. Defendant[']s Motion for Judgment on the Pleadings is granted. Defendant is not exempt from the Ohio CSPA. Plaintiff is therefore time barred from bringing his OCSPA claim. Plaintiff does not have standing to bring this action and therefore does not have standing to represent a class. Plaintiff does not meet the jurisdictional amount to bring an action in the Court of Common Pleas pursuant to ORC 2305.01 and 1907.03. Furthermore, as the transaction between Plaintiff and defendant is governed by a written contract, neither the quasi[-]contract [nor] unjust enrichment theory of recovery is available to Plaintiff. Judgment is therefore rendered for Defendant. FINAL."

Then, on October 12, 1999, the court entered two orders. The first vacated the orders of October 5 and 6, 1999, "in order to clarify the court's ruling entering judgment for the defendant." The second order provided as follows:

"Defendant's motion for judgment on the pleadings is granted. Defendant is not exempt from the Ohio CSPA. Plaintiff is therefore time barred from bringing his OCSPA claim. Plaintiff does not have standing to bring his action and therefore does not have standing to represent a class. Plaintiff does not meet the jurisdictional amount to bring an action in the Court of Common Pleas pursuant

to ORC 2305.01 and 1907.03. Furthermore as the transaction b/w plaintiff and defendant is governed by a written contract[,] neither quasi[-]contract [nor] unjust enrichment is available as a remedy to the plaintiff. Judgment is therefore rendered for the defendant. Final."

Drozeck filed on October 13, 1999, his notice of appeal from the October 5 and 6, 1999 orders; and on November 3, 1999, he filed his amended notice of appeal from the October 12, 1999 order. Lawyers Title also filed its appeal from the October 12, 1999 order on November 3, 1999. We consolidated these appeals for review.

■ Because these appeals stem from the grant of a Civ.R. 12(C) motion for judgment on the pleadings, we conduct a *de novo* review of all legal issues without deference to the determination of the trial court. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 742 N.E.2d 674, citing *Flanagan v. Williams* (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185. A court must limit its determination of a motion for judgment on the pleadings solely to the allegations in the pleadings and any writings attached to those pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165, 63 O.O.2d 262, 264, 297 N.E.2d 113, 116–117; Civ.R. 7(A); Civ.R. 10(C). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. Thus, Civ.R. 12(C) requires the court to determine that no material factual issues exist and that the movant is entitled to judgment as a matter of law. *Id.* In the context of this purported class action, we review this matter solely under Civ.R. 12(C); we do not consider whether Drozeck has satisfied the requirements of Civ.R. 23(A) and (B).

■ Because Drozeck's third assignment of error and Lawyers Title's single assignment of error present the same questions of law, we will consider them together.

In his third assignment of error, Drozeck sets forth the following argument:

"The trial court erred in dismissing the Ohio Consumer Sales Practices Act claims."

Lawyers Title's single assignment of error states:

"The trial court erred by ruling that Lawyers Title Insurance Corporation, an out-of-state insurance company, is not statutorily exempt from claims based on violations of the Ohio Consumer Sales Practices Act."

Drozeck asserts that, while the court correctly concluded that the OCSPA applies to the facts of his case, it incorrectly concluded that his claims were barred by the two-year limitations period contained within the Act. He claims that the limitations period does not apply because he was unaware that he had been injured by the wrongful acts of Lawyers Title and because the violation was continuing.

Lawyers Title asserts that it is an insurance company and, therefore, is statutorily excluded from application of the OCSPA. It also claims that, even if the OCSPA does apply, the two-year limitations period bars the claims.

R.C. 1345.02(A) prohibits a "supplier," a person engaged in the business of effecting or soliciting consumer transactions, from committing an unfair or deceptive act or practice in connection with those consumer transactions. See R.C. 1345.01(C). A "consumer transaction," as defined R.C. 1345.01(A) includes, among other things, a sale, lease, assignment or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household. It does not encompass transactions between persons defined in R.C. 5725.01, which includes "insurance companies." R.C. 5725.01(C) defines "insurance company" as "every corporation, association, and society engaged in the business of insurance of any character, or engaged in the business of entering into contracts substantially amounting to insurance of any character, or of indemnifying or guaranteeing against loss or damage, or acting as surety on bonds or undertakings."

At paragraph 16 of its April 2, 1999 answer, Lawyers Title admitted that it "served as an escrow agent for the Plaintiff, for the limited purpose and pursuant to the limited scope set forth in an escrow agreement" as alleged in Drozeck's complaint, but it generally denied that it served as an escrow agent, using its own preprinted and standardized form, in other escrow transactions. The answer affirmatively asserts that Lawyers Title is exempt from the OCSPA, but it provides nothing more than affirmative denials relating to Drozeck's general OCSPA allegations. It did not assert that it acted in the capacity of an "insurer" as defined in R.C. 5725.01(C) in the escrow transaction at issue. Moreover, while Lawyers Title claims that it is exempt from the OCSPA because it is in the business of selling "title insurance" as defined by R.C. 3953.01(A), it has not explained how acting in the capacity as an admitted escrow agent is "in substance equivalent" or "substantially amounting to" engaging in the insurance business. R.C. 3953.01(B)(3); R.C. 5725.01(C). The resolution of this question depends upon matters outside the pleadings and, therefore, cannot be considered in the disposition of a Civ.R. 12(C) motion. See *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165, 63 O.O.2d 262, 264, 297 N.E.2d 113, 116–117. Construing as true the material allegations in the complaint and the reasonable inferences drawn

therefrom, this court cannot find beyond doubt that Drozeck can prove no set of facts in support of his OCSPA claim that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931, 935–936. Lawyers Title's assignment of error is overruled.

Despite this conclusion, even if we were to conclusively decide that Lawyers Title, in its admitted capacity as an escrow agent, is not exempt from the application of the OCSPA, the two-year statute of limitations set forth in R.C. 1345.10(C) bars Drozeck's seven-year-old claim. In addition, while he argues that he was unaware of the existence of his claim and that the violation of the Act is a continuing one, those allegations, once again, present matters outside the pleadings. *Peterson, supra.* The third assignment of error is overruled.

■ In his first assignment of error, Drozeck argues the following:

"The trial court erred in determining that this action does not meet the jurisdictional amount of $500.00."

This assignment of error has merit. R.C. 2305.01 provides that original jurisdiction in all civil cases lies in the court of common pleas where "the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts * * *." Lawyers Title claims that because county courts have exclusive original jurisdiction in civil actions for the recovery of sums not exceeding five hundred dollars, R.C. 1907.03(A), the court of common pleas cannot have jurisdiction over Drozeck's fifteen dollar claim. This assertion, however, ignores the clear language of Civ.R. 23(F): "The claims of the class shall be aggregated in determining the jurisdiction of the court." Permitting plaintiffs to pool claims that otherwise would be uneconomical to individually litigate allows them a "realistic day in court." *Phillips Petroleum Co. v. Shutts* (1985), 472 U.S. 797, 809, 105 S.Ct. 2965, 2973, 86 L.Ed.2d 628, 640. Thus, the court must consider the total damages to the class, not only the individual monetary damages of the purported class representative, to determine its jurisdiction. It cannot consider whether it has monetary jurisdiction over the individual damages of the purported class representative until such time as it denies class certification.

Drozeck has alleged that over one million similarly situated persons have been overcharged by Lawyers Title for government recording fees when it acted as an escrow agent, pursuant to the terms of standardized escrow contracts, in the transfer of real property. Assuming this allegation to be true, the jurisdictional mandate of Civ.R. 23(F) would be satisfied if each of the one million purported class members sustained damages even less than those sustained by Drozeck on *only* the breach of escrow contract claim. His first assignment of error is sustained.

In his second assignment of error, Drozeck complains as follows:

■ "The trial court erred in holding that unjust enrichment or quasi[-]contract remedies cannot be pursued where there is alleged to be a written contract between the parties."

Drozeck argues that the court erred in dismissing his quasi-contract claims because the rules of pleading specifically allow a plaintiff to plead inconsistently or in the alternative to an express contract claim. Lawyers Title argues that quasi-contract or unjust enrichment cannot be available when an express contract affords a plaintiff the same recovery. It further states that, even if the court was incorrect, the six-year statute of limitations applies and Drozeck's seven-year-old claim is barred.

When the complaint on its face is statutorily barred, judgment on the pleadings is proper. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 174–175, 63 O.O.2d 262, 269–270, 297 N.E.2d 113, 121–122. The six-year limitations period set forth in R.C. 2305.07 applies to unjust enrichment and quasi-contract claims. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 182, 12 OBR 246, 248–249, 465 N.E.2d 1298, 1301. An action for "money had and received" is a claim in quasi-contract which, in turn, is based upon the equitable doctrine of unjust enrichment. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 526–527, 11 O.O. 221, 223–224, 14 N.E.2d 923, 926.

■ Assuming, as Drozeck argues, that he properly pleaded inconsistent or alternative causes of action in quasi-contract, see Civ.R. 8(E)(2), the face of the complaint affirmatively shows that his claims labeled "unjust enrichment" and "money had and received" are essentially the same and, as such, are barred by the lapse of the limitations period set forth in R.C. 2305.07. Although the court decided this issue on a different basis, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174–175; see *Franklin Cty. Dist. Bd. of Health v. Sturgill* (Dec. 14, 1999), Franklin App. No. 99AP–362, unreported, 1999 WL 1139833 (a reviewing court will not reverse a judgment where the court reached the right result for the wrong reason because such an error is not prejudicial). His second assignment of error is overruled.

In his fourth assignment of error, Drozeck asserts the following argument:

"The trial court erred in dismissing the entire complaint, without even addressing the remaining claims."

Drozeck argues that the court committed reversible error when it completely ignored the breach-of-fiduciary-duty claim and entered judgment without making any "findings" on the claim. Lawyers Title asserts that the "fraudulent over-

charge" claim does not comply with the Civ.R. 9 specificity requirement and the "breach of fiduciary duty" claim was nothing more than a contract claim.

We first note that the court implicitly addressed all of Drozeck's individual claims when it concluded, as we discussed in the first assignment of error, that he failed to satisfy the monetary jurisdiction of the common pleas court. In any event, even if we were to conclude, as Drozeck suggests, that the allegations of fraud contained within the complaint satisfied the specificity requirement contained within Civ.R. 9(B), the four-year limitations period found within R.C. 2305.09 bars the "fraudulent overcharge" claim. The claim for breach of fiduciary duty also is barred by this statute. *Kondrat v. Morris* (1997), 118 Ohio App.3d 198, 207, 692 N.E.2d 246, 251–252. This fourth assignment of error is overruled.

Judgment affirmed in part, reversed in part, and cause remanded for further proceedings with regard to the breach-of-contract claim.

*Judgment accordingly.*

SPELLACY and KILBANE, JJ., concur.

### ON RECONSIDERATION

Decided Jan. 24, 2001

TIMOTHY E. McMONAGLE, Presiding Judge.

In his January 4, 2001 motion for reconsideration of this court's December 28, 2000 opinion, Drozeck has asked this court to reconsider its ruling with regard to his fraud claim. Based upon the following discussion, we grant the motion and affirm the dismissal of the "fraudulent overcharge" claim for reasons different from those stated in the opinion.

In his motion for reconsideration, Drozeck points out that a cause of action for fraud accrues when the fraud is discovered, R.C. 2305.09, and that dismissal is improper when "the complaint does not conclusively show on its face the action is barred by the statute of limitations," *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph three of the syllabus, applying Civ.R. 12(B). He argues that, because nothing in the pleadings indicates when the "fraudulent overcharge" was discovered, this court erred in concluding that the four-year limitation period contained in R.C. 2305.09 bars his claim. We agree with this proposition; however, Drozeck's third amended complaint does not state the claim with particularity as required by Civ.R. 9(B).

Civ.R. 9(B) provides that when a complainant alleges a claim for fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person

may be averred generally." A claim of "[f]raud consists of six elements: a representation of a fact, which is material, made falsely—either with knowledge of its falsity or utter disregard and recklessness as to falsity—with an intent to mislead, with justifiable reliance thereupon, and a resulting injury." *Tokles & Son, Inc. v. Midwestern Indem. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944, citing *Chem. Bank of New York v. Neman* (1990), 52 Ohio St.3d 204, 208, 556 N.E.2d 490, 495; accord *Full Life Church of God in Christ, Inc. v. Church Mut. Ins. Co.* (Dec. 14, 2000), Cuyahoga App. No. 77990, unreported, 2000 WL 1844735, quoting *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 711–712.

▮ The third amended complaint does not satisfy the requirement that fraud be pleaded with particularity. It contains no averments of Lawyers Title's state of mind and, therefore, it does not satisfy the requirements of Civ.R. 9(B) for a fraud-based claim. Rather, the face of the complaint affirmatively shows that the claim Drozeck refers to as "fraudulent overcharge" is labeled "over-charge" and is essentially the same as those claims labeled "unjust enrichment" and "money had and received." The discovery rule does not apply to unjust enrichment claims. See *Palm Beach Co. v. Dun & Bradstreet* (1995), 106 Ohio App.3d 167, 175, 665 N.E.2d 718, 722–723. Like our disposition of Drozeck's second assignment of error, the "overcharge" claim also would be barred under the six-year limitation period set forth in R.C. 2305.07.

*Judgment accordingly.*

SPELLACY and KILBANE, JJ., concur.