JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Roy Thomas (Thomas) appeals from the judgment of the trial court granting the motion for judgment on the pleadings of defendants-appellees, the Chief Executive Officer of The Cleveland Public Schools, Barbara Byrd-Bennett (Byrd-Bennett) and the Principal of Wade Park School, Harriet B. Young (Young). After a thorough review of the record and for the following reasons, we affirm.
In his complaint, Thomas alleges that as a teacher for the Wade Park School in the Cleveland Public Schools system, he was assaulted and physically attacked from the period of August 1998 through January 19, 1999, by ten un-named students. There are no other allegations as to the time, type, manner or location of the attacks. Thomas alleges that Byrd-Bennett and Young had a duty to protect him from harm, danger and injury and to maintain a safe workplace; and that Byrd-Bennett and Young failed to control the students and to protect him. Also named as parties to the complaint are Mayor Michael White and the ten un-named students and their respective parents or guardians.
Thomas alleges that he complained of the attacks. However, again, Thomas does not allege the time, type, manner or substance of the complaints. Thomas alleges that he informed Byrd-Bennett and Young of the students' activities and that he sustained injury as a result of the failure of Byrd-Bennett and Young to control the students. Thomas makes no allegation as to who he may have notified, the time at which the attacks took place or the substance of any notification.
Thomas filed his complaint on January 19, 2000 against Byrd-Bennett and Young and both answered claiming immunity pursuant to R.C. 2744. The trial court subsequently dismissed Mayor Michael White on March 25, 2000, pursuant to his motion to dismiss, and granted Byrd-Bennett's and Young's motion for judgment on the pleadings on June 7, 2001. Thomas filed his timely appeal.
Thomas' single assignment of error states:
 THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS' MOTION TO DISMISS.
Civ.R. 12(C) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
As this appeal stems from the grant of a Civ.R. 12(C) motion for judgment on the pleadings,
 We conduct a de novo review of all legal issues without deference to the determination of the trial court. Fontbank, Inc. v. CompuServe, Inc., 138 Ohio App.3d 801, 2000 Ohio App. LEXIS 3453, 742 N.E.2d 674 (2000), citing Flanagan v. Williams (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185. A court must limit its determination of a motion for judgment on the pleadings solely to the allegations in the pleadings and any writings attached to those pleadings. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165, 297 N.E.2d 113; Civ.R. 7(A); Civ.R. 10(C). "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931. Thus, Civ.R. 12(C) requires the court to determine that no material factual issues exist and that the movant is entitled to judgment as a matter of law.
Drozeck v. Lawyers Tile Ins. Corp. (2000), 140 Ohio App.3d 816, 820,749 N.E.2d 775, 778.
The Ohio Supreme Court has stated that where the judgment below was entered upon the pleadings, pursuant to Civ.R. 12(C), the appellant is:
 Entitled to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in [his] favor as true. 2A Moore's Federal Practice 2342, Paragraph 12.15; 5 Federal Practice and Procedure, Wright and Miller, Section 1368. Civ.R. 12(C) is a continuation of the former statutory practice and presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. Conant v. Johnson (1964), 1 Ohio App.2d 133.
Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166, 297 N.E.2d 113,117. See also, Hester v. Dwivedi (2000), 89 Ohio St.3d 575, 577,733 N.E.2d 1161, 1162.
Initially, we recognize that Civ.R. 8(A) requires that a pleading set forth its claim containing (1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled. Civ.R. 8(A).
In his complaint, Thomas named Byrd-Bennett and Young by their title and served them at their official places of employment. As employees of the Cleveland Municipal School Board of Education, Byrd-Bennett and Young are afforded immunity pursuant to R.C. 2744, unless their actions meet one of the exceptions set forth therein.
Byrd-Bennett and Young are employees of the Cleveland Municipal School District Board of Education (Board) and the Board is entitled to immunity under R.C. 2744.
Analysis of the applicable law reveals that the provision of a system of public education is a governmental function pursuant to R.C.2744.01(C)(2)(c), and a political subdivision includes a school district. R.C. 2744.01(F).
It is well established that political subdivisions and their employees are immune from civil tort actions under Ohio common law except as provided by statute. They may be held liable only if an exception to immunity applies and no statutory defense bars the claim. Hodge v. City of Cleveland (Oct. 22, 1998), Cuyahoga App. No. 72283, unreported.
According to R.C. 2744.02(A)(1):
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. (Emphasis added.)
R.C. 2744.02(B)(4) provides:
 Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code. (Emphasis added.)
A review of the complaint finds that Thomas has failed to state the location of where the assaults and physical attacks of the ten students took place. Furthermore, Thomas has failed to demonstrate that an exception to statutory immunity applies. Hodge, supra at 14.
R.C. 2744.03(A)(3) provides the following defense for the Board:
 The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.
The determination of how to deal with the alleged attacks upon Thomas was within the discretion of Byrd-Bennett and Young and within the scope of their policy-making, planning and enforcement powers. See Marcum v. Talawanda City Schools (1996), 108 Ohio App.3d 412.
There are no facts alleged that would demonstrate the involvement or role Byrd-Bennett and Young had in the failure to control the students, that they acted outside the scope of their authority or that they acted with malicious purpose, bad faith or in a wanton or reckless manner, which would set fourth exceptions to the general rule of employee immunity.
In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or section 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities; (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; * * *
R.C. 2744.03(A)(6)(a) and (b). See Workman v. Franklin County (Aug. 28, 2001), Franklin App. No. 00AP-1449, unreported.
This court has held that simply by using the magic word reckless does not by itself preclude dismissal of the claims against a public employee based on negligence. Hodge, supra at 19.
This court distinguishes our decision in Carrington v. Cleveland Bd. Of Educ. 1999 Ohio App. LEXIS 5895, (Dec. 9, 1999) Cuyahoga App. No. 74624, unreported, wherein the estate of a deceased student brought suit against the Cleveland Board of Education for its alleged negligence in the death of a student with sickle cell anemia. In Carrington, we were presented with issues of proximate cause and foreseeability, unlike the case sub judice where we are asked to determine whether the trial court properly granted a motion for judgment on the pleadings.
We consider whether Thomas could prove any set of facts allowing him to recover against Byrd-Bennett and Young based on the allegations in the pleadings, those allegations being construed as true. We find that he could not. Accordingly, Thomas' single assignment of error is overruled. The decision of the trial court is affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR.