JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendants-appellants, Warrensville Heights City Schools, Warrensville Heights Board of Education (collectively "Warrensville Schools") and Kim D. Tyler Snyder ("Snyder") (collectively "appellants"), appeal the judgment of the trial court denying their motion for judgment on the pleadings in favor of plaintiffs-appellees, Darnell Pearson, his minor daughter, and his minor son (collectively "appellees"). For the reasons set forth below, we reverse in part and affirm in part.
 {¶ 3} On February 23, 2006, appellees instituted this action asserting appellants improperly released Pearson's daughter to her mother which resulted in the abduction of his daughter and her brother and seeking compensatory damages for alleged physical and mental injuries suffered as a result thereof. Appellants answered appellees' complaint and subsequently filed a motion for judgment on the pleadings on May 22, 2006. On June 30, 2006, the trial court denied appellants' motion for judgment on the pleadings, finding appellants were not entitled to immunity pursuant to Chapter R.C. 2744.
 {¶ 4} Appellants timely appealed the trial court's judgment. We, however, stayed the appeal pending the Supreme Court of Ohio's decision in Hubber v. City of Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839,873 N.E.2d 878, on the issue of whether the denial of immunity is a final, appealable order. The Supreme Court concluded *Page 3 
that the denial of immunity is a final, appealable order. Therefore, we now address the merits of appellants' appeal.
 {¶ 5} Appellants assert two assignments of error for our review. Appellants' first assignment of error states:
 {¶ 6} "I. The Trial Court Erred To The Prejudice Of The Warrensville Heights City Schools and Warrensville Heights Board of Education In Not Dismissing All Claims Against Them On The Grounds Of Ohio Revised Code Chapter 2744 Immunity."
 {¶ 7} In this assignment of error, appellants argue that the trial court erred in not denying its motion for judgment on the pleadings and finding that immunity does not apply to Warrensville Schools. For the reasons proffered below, we agree.
 {¶ 8} A reviewing court analyzes the trial court's decision regarding judgment on the pleadings de novo. Thomas v. Byrd-Bennett, Cuyahoga App. No. 79930, 2001-Ohio-4160, citing Drozeck v. Lawyers Title Ins. Co.
(2000), 140 Ohio App.3d 816, 820, 749 N.E.2d 775. The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings.Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165, 297 N.E.2d 113. Pursuant to Civ.R. 12(C), "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt that the plaintiff could prove no set of facts in support of his claim that would *Page 4 
entitle him to relief." State ex rel Midwest Pride IV, Inc. v.Pontious, 75 Ohio St.3d 565, 569, 1996-Ohio-459, 664 N.E.2d 931. The very nature of a Civ.R. 12(C) motion is specifically designed to resolve solely questions of law. Duff v. Coshocton County, Ohio Bd. ofCommrs., Coshocton App. No. 03-CA-019, 2004-Ohio-3713, citingPeterson, supra at 166.
 {¶ 9} When examining immunity pursuant to R.C. 2744, a court engages in a three-tier analysis to determine whether a political subdivision is immune from liability. Greene Cty. Agricultural Soc. v. Liming,89 Ohio St.3d 551, 556-557, 2000-Ohio-486, 733 N.E.2d 1141. First, the court must determine whether immunity applies under R.C. 2744.02(A)(1).Greene Cty. Agricultural Soc, supra. If immunity applies, then the court determines whether any of the exceptions to immunity enumerated in R.C.2744.02(B) apply. Greene Cty. Agricultural Soc, supra at 557. Finally, should an exception be present, the burden then shifts back to the political subdivision to demonstrate the applicability of one of the defenses proffered in R.C. 2744.03. Greene Cty. Agricultural Soc, supra. If one of the defenses applies, then immunity is reinstated. Id.
 {¶ 10} First, as previously stated, the court must determine whether immunity applies under R.C. 2744.02(A)(1). R.C. 2744.02(A)(1) states:
 {¶ 11} "(A)(1) For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is *Page 5 
not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 12} For the purposes of the immunity statute, there is no dispute that, pursuant to R.C. 2744.01(F), Warrensville Schools, a public school district, is a "political subdivision." See Bradigan v. StrongsvilleCity Schools, Cuyahoga App. No. 88606, 2007-Ohio-2773; Aratari v.Leetonia Exempt Village School Dist., Columbiana App. No. 06 CO 11,2007-Ohio-1567 (finding that a board of education is a "political subdivision"). Furthermore, providing a system of public education is considered a "government function" under R.C. 2744.01(C)(2)(c). Accordingly, we find that Warrensville Schools are entitled to immunity pursuant to R.C. 2744.02(A)(1).
 {¶ 13} Having affirmed that immunity does apply in this matter, our analysis then turns to whether any of the exceptions to immunity enumerated in R.C. 2744.02(B) are applicable here. The relevant portion of R.C. 2744.02(B) states:
 {¶ 14} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows: *Page 6 
 {¶ 15} "(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority * * *.
 {¶ 16} "(2) Except as otherwise provided in sections 3314.07 and3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
 {¶ 17} "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 {¶ 18} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of *Page 7 
juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
 {¶ 19} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term `shall' in a provision pertaining to a political subdivision."
 {¶ 20} In the case sub judice, the exceptions provided in R.C.2744.02(B)(1) through (B)(4) are inapplicable because the averments in the complaint against Warrensville Schools all allege a malicious purpose, bad faith, or a wanton or reckless manner in releasing the child to her mother. The exceptions enumerated in R.C. 2744.02(B)(1) through (4) only apply when the complaint alleges negligent causes of actions. Cramer v. Auglaize Acres, 113 Ohio St.3d 266, 271,2007-Ohio-1946, 865 N.E.2d 9. Accordingly, the first four exceptions to immunity proffered in R.C. 2744.02(B)(1) through (4) are inapplicable in this case. *Page 8 
 {¶ 21} Finally, despite the trial court's finding to the contrary, we find R.C. 2744.02(B)(5) does not apply here. The trial court determined that R.C. 2744.02(B)(5), which excepts immunity where the Revised Code expressly imposes liability upon political subdivisions, excluded Warrensville Schools from immunity. The court reasoned that, taking the allegations in the complaint as true along with all reasonable inferences, appellants may be liable under R.C. 2151.421, which expressly imposes criminal liability upon mandatory reporters of child abuse, such as Warrensville Schools, for failure to report abuse. In support of this contention, the trial court relied on the Supreme Court of Ohio's decision in Campbell v. Burton, 92 Ohio St.3d 336,2001-Ohio-206, 750 N.E.2d 539. In that case, the Court determined that, under R.C. 2744.02(B)(5), courts may hold a political subdivision liable for failure to perform its duty to report child abuse expressly imposed by R.C. 2151.421, a criminal statute. Id.
 {¶ 22} Since Campbell, however, "the General Assembly has amended R.C.2744.02(B)(5) to permit a political subdivision to be sued under that subdivision only when the liability expressly imposed by a section of the Revised Code is civil liability." Estate of Ridley v. Hamilton Cty.Bd. of Mental Retardation Developmental Disabilities,102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, fn. 3. The amended version, effective April 9, 2003, expressly provides that a political subdivision may only be held liable "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code * * *. Civil liability shall not be *Page 9 
construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty * * *."
 {¶ 23} R.C. 2151.421 expressly imposes criminal liability, not civil, upon a political subdivision for failure to report child abuse. Such a statute does not fall within the exception to immunity enumerated in the new version of R.C. 2744.02(B)(5). Thus, as the new version of the statute was in effect at the time of this case, we overrule the trial court and find that pursuant to R.C. 2744.02(B)(5), R.C. 2151.412 does not impose liability upon Warrensville Schools.
 {¶ 24} Having determined that no exception to immunity is applicable to Warrensville Schools in this case, we find no need in addressing the third tier of the immunity analysis, whether any defenses under R.C.2744.03 apply. Greene Cty. Agricultural Soc, supra. Consequently, we reverse the judgment of the trial court which denied judgment on the pleadings in regards to Warrensville Schools and find that Warrensville Schools are entitled to immunity on appellees' claims.
 {¶ 25} Appellants' second assignment of error states:
 {¶ 26} "II. The Trial Court Erred To The Prejudice Of Kim D. Tyler Snyder In Not Dismissing All Claims Against Her On The Grounds of Ohio Revised Code Chapter 2744 Immunity." *Page 10 
 {¶ 27} Within this assignment of error, Snyder maintains the trial court erred in denying her motion for judgment on the pleadings because she is entitled to immunity under R.C. 2744. We find Snyder's argument unpersuasive.
 {¶ 28} In the interests of brevity, we incorporate herein the standard of review regarding judgment on the pleadings proffered in the preceding assignment of error.
 {¶ 29} When examining immunity pursuant to R.C. 2744 in regards to individual employees of a political subdivision, we do not engage in the three tier analysis proffered in Greene Cty. Agricultural Soc, supra.Cramer v. Auglaize Acres, 113 Ohio St.3d 266, 270, 2007-Ohio-1946,865 N.E.2d 9. Rather, we look to R.C. 2744.03(A)(6), which provides:
 {¶ 30} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 31} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 32} "(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 {¶ 33} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or *Page 11 
mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term `shall' in a provision pertaining to an employee."
 {¶ 34} We find R.C. 2744.03(A)(6) expressly excludes immunity for Snyder in this case. In their complaint, appellees' allege Snyder engaged in malicious, bad faith or wanton or reckless behavior when she allegedly released the minor child to her mother after previously being directed to the contrary. Because the causes of actions allege Snyder's actions were with malicious purpose, bad faith or in a wanton or reckless manner, we find, construing the allegations most strongly in appellees' favor, that appellees have alleged sufficient facts which, if proven, exclude Snyder from immunity pursuant to R.C. 2744.03(A)(6). Accordingly, the trial court correctly denied Snyder's motion for judgment on the pleadings.
 {¶ 35} Snyder argues that the trial court erred in finding that she is not entitled to immunity because appellees failed to plead sufficient operative facts to demonstrate that any action by her was taken with malicious purpose, in bad faith, or in a wanton or reckless manner. "It is well established that the obligation to accept factual allegations in a complaint as true does not extend to unsupported legal conclusions. `Simplified pleading under Rule 8 does not mean that the pleader may ignore the operative grounds underlying a claim for relief.'" Hodge v.Cleveland (Oct. 22, 1998), Cuyahoga App. No. 72283. In other words, courts have determined that *Page 12 
a litigant cannot escape immunity by making bald claims of wanton and/or reckless misconduct. Id. Instead, that litigant must allege some operative facts concerning the employee. Id.
 {¶ 36} Despite Snyder's assertions, the complaint in this instance alleges some operative factual allegations supporting assertions of malicious purpose, bad faith, and wanton or reckless behavior. The complaint alleges that appellants were given a list of individuals who were not permitted to take the daughter from the school, an Emergency Temporary Custody Decree granting the father custody of the child, and were told of the mother's drug addiction. Accordingly, because the complaint alleges that Snyder was forewarned prior to the release of the child to her mother, we find that the trial court did not err in denying the motion for judgment on the pleading with respect to Snyder.
 {¶ 37} Having determined that Snyder is not immune from liability, we affirm the trial court's denial of the motion for judgment on the pleading with respect to her only.
Judgment reversed in part and affirmed in part.
It is ordered that appellees and appellants split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 13 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., CONCURS KENNETH A. ROCCO, J., CONCURS IN JUDGMENT ONLY *Page 1