[Cite as *Toman v. Humility of Mary Health Partners*, 2014-Ohio-4417.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PENNY TOMAN, | ) | |
| | ) | CASE NO.  13 MA 105 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| HUMILITY OF MARY HEALTH PARTNERS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:        Civil Appeal from Common Pleas
                                 Court, Case No. 13 CV 245.


JUDGMENT:                        Affirmed in Part, Reversed in Part
                                 and Remanded.


APPEARANCES:
For Plaintiff-Appellee:          Attorney Shelli Freeze
                                 839 Southwestern Run Road
                                 Youngstown, OH  44514

For Defendant-Appellant:         Attorney Karen Soehnlen McQueen
                                 Attorney Aletha Carver
                                 4775 Munson Street, N.W.
                                 P.O. Box 36963
                                 Canton, OH  44735-6963


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph Vukovich
Hon. Cheryl L. Waite


                                 Dated: September 29, 2014

DeGenaro, P.J.

{¶1} Plaintiff-Appellant Penny Toman appeals the June 10, 2013 judgment of the Mahoning County Court of Common Pleas granting a motion for judgment on the pleadings in favor of Appellee Humility of Mary Health Partners in an action involving employment termination. For purposes of resolving a Civ.R.12(C) motion, material facts in the complaint and all reasonable inferences must be construed in favor of the non-moving party as true; however, the trial court construed the facts in favor of Humility. Applying the proper standard, Toman alleged sufficient facts to support her claim that she was terminated because of her pregnancy in violation of R.C. 4112.02(A). Thus, the trial court erred in granting Humility judgment on the pleadings on this claim. Accordingly, the judgment of the trial court is reversed in part regarding Toman's claim pursuant to R.C. 4112.02(A) and remanded for further proceedings on that claim. The balance of the trial court's judgment is affirmed.

## Facts and Procedural History

{¶2} As this is an appeal from a judgment on the pleadings, the facts are gleaned from the Complaint and Answer. From April 23, 2012, until July 14, 2012, Toman was an employee of Humility. At the time she commenced her employment at Humility as a licensed social worker, Toman was pregnant with an anticipated due date of July 14, 2012.

{¶3} Toman claimed that on July 12, 2012, Humility informed her that if she delivered her child before July 20, 2012, she would be terminated. On July 14, 2012, Toman delivered her child and thereafter was terminated from Humility.

{¶4} On January 29, 2013, Toman filed a complaint against Humility alleging two causes of action. First, she claimed she was discharged without just cause based on her pregnancy in violation of R.C. 4112.02(A), and denied reasonable leave on account of childbirth in violation of Ohio Adm.Code 4112-5-05(G)(5) and (6). The second cause of action alleged that Humility wrongfully terminated her in violation of public policy based on sex discrimination in violation of R.C. Chapter 4112. She claimed damages including: loss of health care benefits, past and future benefits, past and future wages, damage to earning capacity, damage to her credit report and reputation, and emotional distress.

**{¶5}** On March 15, 2013, Humility filed an answer and a motion for judgment on the pleadings. Therein, Humility alleged that it advised Toman on July 12, 2012 that; (1) it had a written Personal Leave of Absence Policy, which states that "[a]n employee must have at least 90 days of continuous employment, and successfully completed his or her orientation period to be eligible for personal leave;" and (2) that pursuant to this Policy she did not have any personal leave time available to her prior to July 20, 2012. Humility maintained that after Toman gave birth to her child, she never returned to work and was thus terminated. Thus, inter alia, Humility argued that Toman cannot demonstrate that she was discriminated on the basis of her sex.

**{¶6}** On April 2, 2013, Toman opposed Humility's motion for judgment on the pleadings, arguing that she was unlawfully terminated because she was discriminated against based on her sex. Specifically, she was terminated because of her pregnancy, a condition only available to women, and because she gave birth before July 20, 2012. On April 9, 2013, Humility filed a response and alleged that Toman improperly relied on facts not pled in the complaint, that her allegations did not entitle her to relief, and her allegation of wrongful termination based on public policy argument was untenable. On June 10, 2013, the trial court granted Humility's motion for judgment on the pleadings.

## Civ.R. 12(C)

**{¶7}** In her sole assignment of error, Toman asserts:

**{¶8}** "The trial court prejudicially erred when it failed to interpret Ohio Civil Rule 12(C) most favorable to the Appellant and granted the Appellee's motion for judgment on the pleadings."

**{¶9}** The purpose of a Civ.R. 12(C) motion for judgment on the pleadings is to resolve questions of law. *Whaley v. Franklin Cty. Bd. Of Commrs.*, 92 Ohio St.3d 574, 581, 2001-Ohio-1287, 752 N.E.2d 267; *Wright v. Schwebel Baking Co.*, 7th Dist. No. 04-MA-62, 2005-Ohio-4475, ¶9 (stating that a Civ.R. 12(C) motion "has been characterized as a belated Civ.R. 12(B)(6) motion to dismiss for failure to state a claim"). The rule further provides that the motion can be filed by either party after the pleadings are closed, but within such time as not to delay trial. *Trinity Health Sys. v. MDX Corp.*, 180 Ohio

App.3d 815, 2009-Ohio-417, 907 N.E.2d 746, ¶17 (7th Dist.); *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 592, 635 N.E.2d 26 (1994). Because a trial court may only consider the complaint, answer, and any documents attached to those pleadings when it rules on a Civ.R. 12(C) motion, it is very limited in its ability to review and discuss the facts of a case. *Trinity Health Sys.* at ¶17, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996); *Rothschild v. Humility of Mary Health Partners*, 163 Ohio App.3d 751, 2005-Ohio-5481, 840 N.E.2d 258, ¶6 (7th Dist.). A judgment on the pleadings dismissing a case is proper where the trial court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Pontious* at 570.

{¶10} When reviewing a trial court's judgment on the pleadings, the appellate court engages in a de novo standard of review without deference to the trial court's determination. *Drozeck v. Lawyers Title Ins. Corp.*, 140 Ohio App.3d 816, 820, 749 N.E.2d 775 (8th Dist.2000). Thus, because Humility was granted judgment on the pleadings pursuant to Civ.R 12(C), Toman is "entitled to have all the material allegations of the complaint, together with all reasonable inferences drawn therefrom, construed in [her] favor." *Whaley* at 581.

{¶11} We must address two preliminary issues before reaching the merits of Toman's appeal. First, Toman raised numerous factual assertions in her opposition brief to Humility's Civ.R. 12(C) motion before the trial court that were not raised in the pleadings. The trial court may only consider the pleadings and attached exhibits. *Schmitt v. Educational Serv. Ctr. of Cuyahoga Cty.*, 2012-Ohio-2208, 970 N.E.2d 1187, ¶10 (8th Dist.). Because we are limited in our review and may only examine the complaint, answer and any exhibits attached to those pleadings, we may not consider these new facts proffered by Toman.

{¶12} Second, Toman has not challenged on appeal the trial court's judgment on the pleadings in favor of Humility on Count II of her Complaint alleging her termination

was in violation of public policy. Thus, the only issue before us is whether the trial court erred in granting judgment on the pleadings in favor of Humility on Count I of Toman's Complaint alleging she was terminated on the basis of her sex, specifically because of her pregnancy, and that she was denied reasonable leave on account of childbirth in violation of Ohio Adm.Code 4112-5-05(G)(5) and (6).

### Ohio Adm. Code 4112-5-05(G) Remedies

{¶13} Ohio Adm.Code 4112-5-05(G)(5) prohibits employers from penalizing women in their conditions of employment because they require time away for childbearing. If the female employee qualifies for leave under the employee leave policy, then the employer must consider childbearing as a justification for a leave of absence for a reasonable time period. *Id.* If an employer does not have a leave policy, Ohio Adm.Code 4112-5-05(G)(6) provides that employers must allow female employees to take a leave of absence for a reasonable period of time for childbearing. Clearly, Ohio Adm.Code 4112-5-05(G)(6) does not apply because Humility indisputably has a leave policy.

{¶14} With regard to Ohio Adm.Code 4112-5-05(G)(5), viewing the facts in the light most favorable to Toman, she did not qualify for leave under Humility's Policy because the Policy states that "[a]n employee must have at least 90 days of continuous employment, and successfully completed his or her orientation period to be eligible for personal leave." Toman was employed at Humility from April 23, 2012 until July 14, 2012, which does not amount to 90 days. As such Toman does not qualify for leave under the employee Policy, and Humility need not consider childbearing as a justification for a leave of absence for a reasonable time period. Toman has not pled facts to the contrary. As such, the trial court was correct to grant Humility's Civ.R. 12(C) motion with respect to Toman's claim under Ohio Adm.Code 4112-5-05(G)(5).

**R.C. 4112.02(A) Sex Discrimination Based upon Pregnancy Claim**

{¶15} Pursuant to R.C. 4112.02(A), it is an unlawful discriminatory practice for any employer to discharge an employee without just cause because of the employee's sex. R.C. 4112.02(B) provides that 'because of sex' includes "because of or on the basis of pregnancy, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related medical condition, " and that pregnant women "shall be treated the same for all employment-related purposes * * * as other persons not so affected but similar in their ability or inability to work." *McFee v. Nursing Care Mgt. of Am., Inc.*, 126 Ohio St.3d 183, 2010-Ohio-2744, 931 N.E.2d 1069, ¶11. As such, "the statutes do not impose a per se ban on the termination of every employee affected by pregnancy" and an employer may terminate an employee for a nondiscriminatory reason. *Id.* at ¶12.

{¶16} To prove a pregnancy discrimination claim, the plaintiff must show that the defendant treated her differently because of her pregnancy. *McFee* at ¶16, citing *Priest v. TFH–EB, Inc.*,127 Ohio App.3d 159, 165-166, 711 N.E.2d 1070 (1998).

{¶17} The following facts—all of which were admitted by Humility—are relevant to Toman's claim that Humility terminated her because of her pregnancy: (1) she was employed by Humility from April 23, 2012, until July 14, 2012; (2) at all times during her employment she was pregnant; (3) she delivered her baby on July 14, 2012; (4) she was terminated by Humility. The parties dispute the following facts: 1) Toman alleged during her employment her potential due date was July 14, 2012; and 2) what occurred on July 12, 2012: Toman alleges Humility told her she would be terminated if she delivered before July 20, 2012, whereas Humility alleges Toman was informed that she had no available leave time prior to July 20, 2012. Nonetheless, these disputed facts must be construed in favor of Toman.

{¶18} Construing the material facts in the complaint and all reasonable inferences in favor of Toman as true, during the entire course of her employment she was pregnant, that Humility told her if she delivered her baby before July 20, 2012, her employment would be terminated, and she was terminated by Humility on July 14, 2012, the day she delivered. For purposes of resolving a Civ.R.12(C) motion, these facts are sufficient to

support Toman's R.C. 4112.12(A) claim that she was terminated because of her pregnancy. Thus, the trial court erred in granting Humility judgment on the pleadings on this claim.

{¶19} The trial court improperly inferred from Humility's answer that Toman knew about the 90-day Policy and that she was not eligible for leave based upon that Policy; giving weight to Humility's assertion that on July 12, 2012, Toman was informed of the Policy, knew that she was ineligible for personal leave of absence, and failed to return to work. The trial court should have resolved the factual dispute between the parties regarding what was said on July 12, 2012 in Toman's favor as the non-moving party; instead, it inferred that Humility told Toman if she delivered before July 20, 2012, she would be terminated.

{¶20} Pursuant to Civ.R. 12(C), the trial court was obligated to interpret material allegations and reasonable inferences in favor of Toman as the non-moving party. Although Toman does not allege a myriad of facts to support her allegations, the trial court could reasonably infer that Toman was told she would be terminated for giving birth before July 20, 2012, demonstrating differential treatment prohibited by R.C. 4112.02(A). At this stage of the litigation and in the context of reviewing a judgment on the pleadings, we cannot say that Toman can prove *no* set of facts in support of her claim that she was terminated because of her pregnancy which would entitle her to relief pursuant to R.C. 4112.02(A). Accordingly, Toman's assignment of error is meritorious in part.

{¶21} In conclusion, the trial court erred in granting Humility's Civ.R. 12(C) motion for judgment on the pleadings with respect to Toman's R.C. 4112.02(A) claim; accordingly that judgment is reversed, and the case remanded for further proceedings on that claim. The balance of the trial court's judgment is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.